UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JACKSON,

    Petitioner,                                                       Case No. 1:08-cv-634

v                                                                   HON. JANET T. NEFF

CINDI S. CURTIN,

    Respondent.

_____/

**OPINION**

       This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) on October 6, 2010 recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

       Petitioner first argues that the Magistrate Judge erred by not beginning her analysis with the governing legal standard for "*pro se*" petitions, and that she "held Petitioner's complaint to a more stringent standard than is required under the governing federal law" (Pl. Obj., Dkt 26 at 2). Petitioner cites *Franklin v. Rose*, 765 F.2d 82 (6th Cir. 1985), in support of his argument that the

1

allegations in his "pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" (Dkt 26 at 2) (quoting *Franklin*, 765 F.2d at 85). However, Petitioner points to no aspect of his petition that was denied such construction, nor does he indicate how any such error affected the Magistrate Judge's analysis or disposition. The objection is therefore denied.

Next, Petitioner appears to raise, for the first time, a claim that there was not sufficient evidence to support his conviction (Dkt 26 at 3-5). Because Petitioner's petition did not raise this claim, the Magistrate Judge did not address this issue. The Sixth Circuit Court of Appeals has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver." *Glidden Co. v. Kinsella*, 386 Fed. App'x 535, 544 n.2 (6th Cir. July 15, 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Since Petitioner asserts this argument for the first time at this stage of the case, his argument regarding sufficiency of the evidence is deemed waived. Even if Petitioner had not waived review of this objection, the claim is without merit.

A challenge to the sufficiency of the evidence is evaluated pursuant to the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). In *Jackson*, the Court held that sufficient evidence supports a conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. In determining whether sufficient evidence exists to support a conviction, the reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992). A court, in reviewing a habeas petition, must examine the evidence in the light most

2

favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (1988).

Petitioner's argument is apparently that the prosecution failed to establish sufficient evidence of his intent "to manufacture, create, or deliver a controlled substance" (Dkt 26 at 4). Specifically, he contends that (1) no test results were ever introduced to prove that the residue on the scale seized from Petitioner's vehicle was cocaine, (Dkt 26 at 3); (2) Officer John Bylsma's conclusion that the cocaine was intended for distribution was only speculation based on the amount found and was not "conclusively supported" by evidence (*id.* at 4); (3) because marijuana was also found, "the scale and the sandwich baggies *could have been theoritically* [sic] used for packaging marijuana" (*id.*) (emphasis added); and (4) the discovery of crack cocaine and crack pipes at the Burke Ave. apartment constitutes evidence that the cocaine was for personal use and not for sale (*id.*).

This evidence, viewed in isolation, at most establishes a <u>possibility</u> that Petitioner did not intend to distribute cocaine. However, when the evidence is viewed as a whole and in the light most favorable to the prosecution, there is clearly sufficient evidence to satisfy the *Jackson* standard for sufficiency of the evidence. Petitioner does not object to the factual history of the R&R, (Dkt 26 at 1; Dkt 25 at 1-8), in which the Magistrate Judge noted that (1) "drug records" were found during the search of the Burke Ave. apartment, (Dkt 25 at 4); (2) officers discovered a second digital scale, more than 300 grams of cocaine, and a large quantity of sandwich bags with the corners cut off in the Alpenhorn Drive apartment (*id.* at 7-8); and (3) Theresa Paniwozik testified that she "worked for Petitioner as a drug courier" and "accompanied Petitioner on interstate trips to purchase cocaine." (*id.* at 6). The jury had ample evidence to support its finding that Petitioner intended to deliver cocaine. Petitioner's claim of insufficient evidence fails.

3

Finally, Petitioner asserts that the Magistrate Judge's analysis of Petitioner's Fourth Amendment and Sixth Amendment claims was in error. Petitioner argues that the search of the Alpenhorn Drive apartment and the duffel bag located there was unconstitutional and that his attorney failed to "present any relevant authority in [the] motion to suppress" the evidence obtained during the search, thereby violating Petitioner's Sixth Amendment right to counsel (Dkt 26 at 2). Petitioner's claim is without merit.

Initially, Petitioner contends that the Magistrate Judge improperly made her determination "without the state-trial court's ruling even being available" and cites *Towns v. Smith*, 395 F.3d 251 (6th Cir. 2005), in support of his claim (Dkt 26 at 6). Petitioner bases his objection on the Magistrate Judge's notation that a copy of the trial court's decision denying Petitioner's motion for a new trial was not in the record for review (Dkt 26 at 6; Dkt 25 at 12 n.1). In *Towns*, *id.* at 257, the Sixth Circuit declined to apply the deferential standard of 28 U.S.C. § 2254(d) because there had been no state court ajudication on the merits of the petitioner's ineffective-assistance claim. In making this finding, the court stated that the standard did not apply because there had been "no state court conclusion by which our review could be circumscribed." *Id.* This finding does not support Petitioner's apparent claim that the Magistrate Judge is required to review all state court proceedings before rendering a decision (*see* Dkt 26 at 6) ("Petitioner thinks this district court should order the Respondent to provide this viewing court with the state trial court's decision in denying Petitioner's motion for a new trial."). Copies of the state court jury trial transcript and the Michigan Court of Appeals ruling were provided to the Magistrate Judge for her review, which provided a sufficient basis for the Magistrate Judge's review in this case, in light of Petitioner's assertions. In addition,

4

in this case both the state trial court and the Michigan Court of Appeals ruled on Petitioner's ineffective-assistance claim and, as such, the deferential standard applies.

Petitioner's remaining arguments essentially restate the arguments that he made in his original petition and express disagreement with the Magistrate Judge's findings. Petitioner identifies no factual errors in the Magistrate Judge's analysis, but rather argues that the Magistrate Judge "avoided outcome determinative facts of record" and "erred in speculating . . . without filling in the gaps with live testimony taken in an <u>evidentiary</u> fashion" (Dkt 26 at 8) (emphasis in original). Petitioner restates his arguments that Hendrickson lacked authority to consent to a search of the apartment and that, even if Hendrickson had authority to consent to a search of the apartment, he lacked authority to consent to a search of the bedroom and the duffel bag (Dkt 26 at 8). Petitioner also reiterates his contention that "it was unreasonable for the police . . . to speculate that the duffle bag and/or its contents 'could have' belonged to Hendrickson" (Dkt 26 at 10) (emphasis omitted). Petitioner's claim is without merit.

Petitioner's argument centers primarily around facts supporting his contention that Hendrickson lacked authority to consent to a search.[1] However, as the Magistrate Judge properly noted, "even where an individual 'in fact lacks common authority over the premises, a search conducted pursuant to his or her consent will not violate the Fourth Amendment guarantees if the police reasonably believed that the [individual] had such authority'" (Dkt 25 at 15) (quoting *United*

---

[1]Petitioner supports this argument with a number of factual assertions, including the following: (1) Petitioner had the only key to the apartment; (2) Petitioner had paid the deposit and first month's rent on the apartment; (3) Petitioner's clothing, bedroom set, and mail were in the bedroom where the duffel bag was found; (4) Petitioner was the only one living in the apartment prior to the search; (5) Hendrickson thought the apartment was empty; (6) Hendrickson had no personal possessions in the apartment. (Dkt 26 at 9).

*States v. Penney*, 576 F.3d 297, 307 (6th Cir. 2009). As noted by the Magistrate Judge, there was sufficient evidence to support a finding that the police reasonably believed that Hendrickson had authority to consent to the search. This included evidence that Hendrickson was the only person identified on the lease and that Hendrickson leased the apartment intending to reside there with Petitioner (Dkt 25 at 15-16).

Petitioner attempts to support his argument by citing to a number of federal courts of appeals cases. As the Magistrate Judge properly noted, however, "the Court must find a violation of *Supreme Court* authority. The Court cannot look to lower federal court decisions" in determining whether a writ should issue (Dkt 25 at 11) (emphasis added). In any event, the cases cited by Petitioner are unpersuasive.

With respect to the duffel bag, Petitioner argues that there is a "long existing line of case law holding that where there is evidence of 'mutual occupancy' or use of an apartment, one person cannot give consent to search the personal property that can reasonably be determined to belong to another" (Dkt 26 at 10). Petitioner cites a number of cases in support of his argument. However, these cases generally involved situations in which the police <u>knew</u>, at the time of the search, that the container in question did not belong to the person giving consent.[2] Petitioner does not allege that

---

[2]*See e.g., United States v. Presler*, 610 F.2d 1206, 1212 (4th Cir. 1979) (officer searched a briefcase "despite knowledge that [the person giving consent] denied any ownership" in it); *United States v. Salinas-Cano*, 959 F.2d 861, 865 (10th Cir. 1992) (person giving consent "told the police that the suitcase was [the defendant's]"); *United States v. Wilson*, 536 F.2d 883, 885 (9th Cir. 1976) (person giving consent "disclaimed any ownership of or possessory interest in" suitcases searched); *United States v. Block*, 590 F.2d 535, 541 (4th Cir. 1978) (police "specifically confronted a secured container that required force to open and a custodian-owner of the general premises who both asserted the absent person's claim of privacy over it and disclaimed for herself any shared right of access to it."); *United States v. Rodriguez*, 888 F.2d 519, 522 (7th Cir. 1989) (briefcase had the defendant's name written on it).

the police in this case knew that the duffel bag did not belong to Hendrickson, but rather Petitioner argues that "a reasonable police officer would have further inquired and investigated before concluding (in error) that Hendrickson was the sole proprietor over the apartment/premises and any and all objects/container's [sic] therein" (Dkt 26 at 7).

Petitioner's argument is that because the police knew that Hendrickson did not live in the apartment, have a key to the apartment, or know the address of the apartment, they should have known that Petitioner was the owner of the duffel bag and that Hendrickson did not have authority to consent to a search of the bag (Dkt 26 at 13). However, as was noted in the Michigan Court of Appeals opinion, cited by the Magistrate Judge, "'[t]he detectives received information that the apartment was empty, not that [Petitioner] lived there or had property there. Further, it appeared that none of the rooms were reserved for [Petitioner's] private or exclusive use'" (Dkt 25 at 17) (quoting *People v. Jackson*, 2007 WL 778163, at *3 (Mich. Ct. App., Mar. 15, 2007). Petitioner cites one case in which the police did <u>not</u> know that the consenter did not own the item to be searched, *United States v. Isom*, 588 F.2d 858, 861 (2d Cir. 1978). There, the court found that the police might reasonably conclude that a tenant's consent to search her apartment included within its scope a locked metal box belonging to the defendant when the defendant denied ownership of the box.

To support his assertion that the police should have investigated further before opening the duffel bag, Petitioner also cites *United States v. Whitfield*, 939 F.2d 1071 (D.C. Cir. 1991). The court in *Whitfield* found that a mother's consent to a search of her adult son's bedroom was invalid. *Id.* at 1075. In so finding, the court stated that "[i]t is the government's burden to establish that a third party had authority to consent to a search. The burden cannot be met if agents, faced with an ambiguous situation, nevertheless proceed without making further inquiry." *Id.* The court found

7

that the "agents' superficial and cursory questioning of [the mother] did not disclose sufficient information to support a reasonable belief that she had authority to permit [the] search" of her 29-year old son's bedroom. *Id.* at 1075. This case is distinguishable because here, prior to the search, the police officers were not faced with similar circumstances.

A review of the facts and legal analysis in light of the deferential standard required by 28 U.S.C. § 2254(d) reveals no error in the Magistrate Judge's Fourth Amendment analysis. As a result, the Petitioner's Sixth Amendment claim, stemming from his counsel's failure to secure suppression of the evidence obtained in the challenged search, is without merit. The Magistrate Judge properly found that the "rejection of Petitioner's claim by the Michigan Court of Appeals is neither contrary to, nor involves an unreasonable application of, clearly established federal law" and that "it was not based on an unreasonable determination of the facts in light of the evidence presented" (Dkt 25 at 18).

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review of each individual claim, this Court finds that reasonable

8

jurists would not find the Court's assessment of any of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied. To the extent that Petitioner's claims have been rejected on procedural grounds, the Court concludes that a certificate of appealability is also properly denied. Jurists of reason would not find debatable whether the petition states a valid claim of the denial of a constitutional right or whether the procedural rulings were correct. *See Slack,* 529 U.S. at 484.

A Final Order will be entered consistent with this Opinion.


Date: March 2, 2011                     /s/ Janet T. Neff
                                        JANET T. NEFF
                                        United States District Judge